# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

LAUREN BILLITER,

               Plaintiff,

v.                                                 CIVIL ACTION NO. 3:19-0288

ELIZABETH JONES,
Circuit Clerk, Mason County and
THE MASON COUNTY COMMISSION,

               Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff Lauren Billiter's Motion to Amend Complaint, ECF No. 43. Based on new testimony, Billiter seeks to revive two previously dismissed claims against the Mason County Commission. For the reasons below, the Court **DENIES** her Motion.

## I. BACKGROUND

Billiter's Complaint alleges the following facts. Billiter began working in 2013 as a deputy circuit clerk in Mason County, West Virginia. ECF No. 1 ¶¶ 2–3. Deputy circuit clerks are co-employed by the circuit clerk and the Mason County Commission. *Id.* ¶ 19. In June 2017, Vera Caldwell, who is Billiter's mother and a Democrat, became the circuit clerk of Mason County. *Id.* ¶¶ 7, 13. In November 2018, Defendant Lauren Jones, a Republican, replaced Caldwell as circuit clerk. *Id.* ¶ 8. Soon after being sworn in, Jones handed Billiter a letter of termination and said, "[t]his is for your mother." *Id.* ¶¶ 11, 16. The defendants then hired three new deputy clerks, all of whom are registered Republicans. *Id.* ¶¶ 17–18.

Billiter challenged her termination with claims under the West Virginia Human Rights Act, article III, sections 7, 10, 11, and 16 of the West Virginia Constitution, and the First and Fourteenth Amendments to the United States Constitution per 42 U.S.C. § 1983. *Id.* ¶ 33. The Court held Billiter insufficiently alleged the County Commission was liable under § 1983 and article III of the West Virginia Constitution and dismissed these claims. ECF No. 39, at 2–6. Based on new testimony allegedly showing the County Commission was involved in Billiter's termination, Billiter seeks to reinstate the previously dismissed claims against the County Commission through an Amended Complaint. ECF No. 43. The County Commission argues the Amended Complaint is futile because Billiter's new evidence still does not amount to a factual basis for the County Commission's liability. ECF No. 46.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), "a court should freely give leave [to amend] when justice so requires." A court should deny leave to amend "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). An amendment is futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Therefore, a court may deny a proposed amended complaint as futile if it cannot survive a motion to dismiss for failure to state a claim. *Id.*

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing [the plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The facts contained in the statement need not be probable, but the statement must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A

claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering the plausibility of a plaintiff's claim, the Court must accept all factual allegations in the complaint as true. *Id.*

### III. DISCUSSION

As thoroughly discussed in the Court's January 9, 2020 Memorandum Opinion and Order, both Jones and the County Commission had the power to terminate Billiter. ECF No. 39, at 3–4. Thus, for Billiter's § 1983 claim against the County Commission to survive, Billiter needed to sufficiently allege the County Commission exercised its own authority in the termination. *Id.* at 4. The Court held Billiter's sole conclusory statement that the County Commission "permitted and/or authorized" Jones to terminate Billiter was insufficient, and the Court dismissed the claim. *Id.* at 4–5.

The basis for Billiter's Motion to Amend is Jones's new testimony that county administrator John Gerlach reviewed Billiter's termination letter before Jones delivered the letter to Billiter. ECF No. 43. Jones testified as follows.

> **Q. John Gerlach, County Administrator, what does he know about the situation?**
> A. The only thing that John knows is I wanted to make sure that I was doing procedure right and I did show him, I just wanted to make sure my wording and everything was right when I handed the letter. I don't ask permission of who I hire through John or who I fire. Now when I do hire, you know, I do turn that into the County Commission, but I just wanted him to know my actions and I showed him my letter.
> **Q. By your letter you're referring to Exhibit 3, the termination letter?**
> A. Yes. Correct.
> **Q. So you had Mr. Gerlach review that before you gave it to Ms. Billiter?**
> A. Correct.
> **Q. Did Mr. Gerlach approve the letter?**
> …
> A. He just looked at the letter and he said the writing looks good. That's what he said.

> **Q. Was there any other discussion, that is in other words did you tell Mr. Gerlach what the reason was for this action of terminating the plaintiff? Did he say anything to you? Was there any conversation between you two at all?**
> A. I believe I did tell him how uncomfortable that I felt and that I just knew that it was the best for my office to do what I was doing. And other than that, no.
> **Q. Did Mr. Gerlach make any response when you told him that?**
> A. No.
> **Q. He didn't say anything at all regarding that?**
> A. No.
> **Q. Other than telling you he thought the wording was okay or the writing was okay --**
> A. Yes.
> **Q. -- did he say anything else at all?**
> A. No.
> **Q. Where were you when you gave him or let him review the letter? Were you in here in this room?**
> A. Yes, yes, I came to his office in the next room.
> **Q. Just next door to this room we're in now?**
> A. Yes.
> **Q. Because we're in the County Commission meeting room.**
> A. Exactly.
> **Q. So you brought the letter from your office over to his office and had him look at it?**
> A. Yes.
> **Q. And you told him you felt uncomfortable with Ms. Billiter being in your office and you felt it was best for your office to terminate her?**
> A. Yes. Correct.
> **Q. He didn't make any response to that, he just said that the writing looked good?**
> A. Writing looked good, yes.

ECF No. 46-1, at 41–43. Based on this testimony, the proposed amended complaint alleges:

> Defendant Mason County Commission permitted and authorized Defendant Jones to take adverse employment action against the Plaintiff through its approval of Jones' draft letter of termination of Plaintiff. As co-employer, Defendants collaborated and agreed upon Plaintiff's termination by Jones' authorship of Plaintiff's letter of dismissal and the Commission's review and approval of the same.

ECF No. 43-1 ¶ 24.

To analyze Billiter's proposed amended complaint, it is helpful to compare this case with

*Nichols v. County Commission of Cabell County*. No. 3:18-0266, 2018 WL 4016311 (S.D. W. Va.

Aug. 22, 2018). In *Nichols*, the plaintiff sought to hold the Cabell County Commission liable for his allegedly unlawful termination, and the Court denied the County Commission's motion to dismiss. *Id.* The Court held it could reasonably infer that one or all of the county administrator, the county clerk, or the County Commission terminated the plaintiff. *Id.* at *6. This possible inference arose from the "questionable circumstances" surrounding the plaintiff's termination. *Id.* The ambiguity around the termination largely resulted from the county clerk's answer that "they do not have to give you a reason" when asked by the plaintiff why he was being terminated. *Id.* As the Court noted, "[t]he obvious conclusion that can be drawn from this statement is that 'they' refers to [the County Commission]." *Id.*

Unlike in *Nichols*, the pleaded facts here do not support an inference that the County Commission exercised its authority in Billiter's termination. The only factual support in Billiter's Complaint was her statement that the County Commission "permitted and/or authorized" Jones to terminate Billiter, which the Court disregarded as an inadequate conclusory statement under *Twombly* and *Iqbal*. ECF No. 39, at 4–5. The proposed amended complaint tries to cure this deficiency by alleging the County Commission approved the termination, but this allegation is not supported by Jones's testimony. Jones explained that she alone decided to terminate Billiter because she felt uncomfortable and believed terminating Billiter was best for her office. ECF No. 46-1, at 42. She clarified that she did not seek Gerlach's approval of the termination when she testified that "I don't ask permission of who I hire through John or who I fire." *Id.* at 41. Jones testified that she only showed Gerlach the letter to inform him of the termination, to ensure she was following proper procedure, and to confirm the letter's wording was appropriate. *Id.* at 41–43. These actions make sense in light of West Virginia Code § 7-7-7(h), which obliges Jones to process each termination with the County Commission by submitting a discharge statement.

Gerlach's perfunctory response that "the writing looks good" does not support an inference that he exercised his own policymaking authority to effectuate the termination. *Id.* at 41. Thus, the proposed amended complaint is futile to state a claim against the County Commission under § 1983. For the same reasons, the proposed amended complaint is also futile to state a claim under article III of the West Virginia Constitution, which requires a factual basis that the County Commission caused Billiter's termination. *See* ECF No. 39, at 5–6.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Billiter's Motion to Amend Complaint, ECF No. 43. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: March 4, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE